UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLENN MCCUMBER,

    Plaintiff,                                                                                             Hon. Ellen S. Carmody

v.                                                                                                         Case No. 1:16-CV-904

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION

        This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Supplemental Security Income (SSI) under Title II of the Social Security Act. The parties subsequently agreed to proceed in this Court for all further proceedings, including an order of final judgment. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons articulated herein, the Commissioner's decision is **vacated and this matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**.

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial

interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## **PROCEDURAL POSTURE**

Plaintiff was 42 years of age on his alleged disability onset date. (PageID.175). He successfully completed high school and worked previously as a tree trimmer. (PageID.46-47). Plaintiff applied for benefits on May 20, 2013, alleging that he had been disabled since April 13, 2013, due to incomplete quadriplegia. (PageID.175-80, 194). Plaintiff's application was denied, after which time he requested a hearing before an Administrative Law Judge (ALJ). (PageID.87-173). On January 22, 2015, Plaintiff appeared before ALJ Mara-Louise Anzalone with testimony being offered by Plaintiff and a vocational expert. (PageID.53-85). In a written decision dated March 6, 2015, the ALJ determined that Plaintiff was not disabled. (PageID.37-48). The Appeals Council declined to review the ALJ's decision, rendering it the Commissioner's final decision in the matter. (PageID.27-31). Plaintiff subsequently initiated this appeal pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffers from: (1) fractured vertebral column with spinal cord lesion; (2) cervical strain; (3) C6 cervical fracture; (4) gastroesophageal reflux disease (GERD); and (5) hypertension, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.39-42).

With respect to Plaintiff's residual functional capacity, the ALJ found that Plaintiff retained the ability to perform light work subject to the following limitations: (1) no overhead lifting; (2) he can occasionally operate foot controls with his right non-dominant foot; (3) he can occasionally operate hand controls with his left dominant hand; (4) he can never reach overhead with his left dominant arm or otherwise reach with his left dominant arm; (5) he can occasionally handle, finger, and feel with his left dominant arm; (6) he can occasionally climb ramps and stairs; (7) he can occasionally climb ladders and scaffolds; (8) he can occasionally stoop, kneel, crouch, and crawl; (9) he can occasionally be exposed to unprotected heights and moving mechanical parts; and (10) he requires a cane to ambulate. (PageID.42).

The ALJ found that Plaintiff cannot perform his past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, his limitations notwithstanding. *See Richardson*, 735 F.2d at 964. While the ALJ is not required to

question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform <u>specific</u> jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added). This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964. Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, his limitations notwithstanding. Such was the case here, as the ALJ questioned a vocational expert.

The vocational expert testified that there existed approximately 125,000 jobs in the national economy which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (PageID.78-84). This represents a significant number of jobs. *See Born v. Sec'y of Health and Human Services*, 923 F.2d 1168, 1174 (6th Cir. 1990); *Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *Martin v. Commissioner of Social Security*, 170 Fed. Appx. 369, 374 (6th Cir., Mar. 1, 2006). Accordingly, the ALJ concluded that Plaintiff was not entitled to disability benefits.

I.  **The ALJ's RFC is Not Supported by Substantial Evidence**

A claimant's RFC represents the "most [a claimant] can still do despite [his] limitations." Sullivan v. Commissioner of Social Security, 595 Fed. Appx. 502, 505 (6th Cir., Dec. 12, 2014); see also, Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996) (a claimant's RFC represents his ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8

hours a day, for 5 days a week, or an equivalent work schedule"). Plaintiff argues that the ALJ's RFC assessment is not supported by substantial evidence. The Court agrees.

On April 13, 2013, Plaintiff was involved in a motor vehicle accident in which he suffered a "fracture dislocation" at C6-C7 with an "incomplete spinal cord injury." (PageID.249-346). The following day, Plaintiff underwent surgery to repair his cervical spine. (PageID.339-40). X-rays of Plaintiff's cervical spine, taken in May and July 2013, revealed "good" anatomic alignment and "good position" of the surgical hardware. (PageID.525-27). An August 1, 2013 examination revealed that Plaintiff was experiencing weakness and limited range of motion in his upper extremities. (PageID.536-39). Plaintiff also walked with a cane and experienced difficulty squatting. (PageID.536-39).

An October 7, 2013 examination revealed that Plaintiff was experiencing weakness and limitation in his left, dominant, upper extremity. (PageID.558-59). A December 3, 2013 examination revealed that Plaintiff was experiencing numbness and tingling in his upper extremities. (PageID.586). An April 7, 2014 examination revealed that Plaintiff was experiencing numbness and diminished sensation in all four of his extremities. (PageID.622-23). Babinski testing[2] was positive on both the right and the left. (PageID.623). Clonus testing[3] was positive on both the right and the left. (PageID.623). Hoffman's testing[4] was positive on both the right and the left. (PageID.623). Treatment notes dated October 8, 2014, indicate that

---

[2] Babinski test is a neurological test designed to "determine adequacy of the higher (central) nervous system." *See* Medical Definition of Reflex, Babinski, available at http://www.medicinenet.com/script/main/art.asp?articlekey=7171 (last visited on August 10, 2017).
[3] Clonus refers to a "series of fast involuntary [muscle] contractions" which can be caused by "an imbalance of signals from the central nervous system." *Spasticity*, available at http://www.webmd.com/pain-management/pain-management-spasticity (last visited on August 10, 2017).
[4] Hoffman's sign is an indicator of a number of neurological conditions including cervical spondylitis, other forms of spinal cord compression, and multiple sclerosis. *See* Hoffman's Sign, available at, http://www.mult-sclerosis.org/Hoffmanssign.html (last visited on August 10, 2017).

7

Plaintiff should use "caution with ambulation and balance, and use his cane at all times." (PageID.632).

As previously noted, the ALJ determined that Plaintiff retained the ability to perform a limited range of light work. Light work involves lifting "no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567, 416.967. The ALJ also determined that Plaintiff requires a cane to ambulate. As Plaintiff asserts, there exists an inherent inconsistency between the conclusion that Plaintiff can frequently carry 10 pounds given that he must also utilize a cane to ambulate.

Defendant attempts to avoid this conclusion by suggesting that it is, in fact, possible for a person to carry ten pounds while ambulating with a cane. While it may be possible for some people to accomplish this feat, there is no evidence that *Plaintiff* is capable of doing so. Moreover, as the ALJ recognized, Plaintiff's ability to use his dominant upper extremity is significantly limited. Specifically, the ALJ concluded that Plaintiff's ability to use his dominant upper extremity was limited in the following ways: (1) he can never perform overhead lifting; (2) he can only occasionally operate hand controls; (3) he can never reach overhead or otherwise; and (4) he can only occasionally handle, finger, and feel.

In light of these additional limitations, which are supported by the medical evidence, the conclusion that Plaintiff can, on a regular and continuing basis, carry ten pounds while using a cane to ambulate is simply not supported by substantial evidence.[5] Accordingly, the Court finds that the ALJ's RFC assessment is not supported by substantial evidence. Because the vocational expert's testimony was premised upon a faulty RFC determination, the ALJ's

---

[5] While unnecessary to its analysis, the Court nevertheless notes that the ALJ's conclusion that Plaintiff can occasionally climb ladders and scaffolds while simultaneously requiring a cane to ambulate is not supported by substantial evidence. While Defendant may be correct that this particular error is harmless, such cannot be ignored and further highlights the need for Plaintiff's RFC to be more carefully assessed on remand.

reliance thereon does not constitute substantial evidence. *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 150 (6th Cir. 1996) (while the ALJ may rely upon responses to hypothetical questions posed to a vocational expert, such questions must accurately portray the claimant's impairments).

## II.　　Remand is Appropriate

While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Plaintiff can be awarded benefits only if "all essential factual issues have been resolved" and "the record adequately establishes [his] entitlement to benefits." *Faucher v. Secretary of Health and Human Serv's*, 17 F.3d 171, 176 (6th Cir. 1994); *see also*, *Brooks v. Commissioner of Social Security*, 531 Fed. Appx. 636, 644 (6th Cir., Aug. 6, 2013). This latter requirement is satisfied "where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking." *Faucher*, 17 F.3d at 176; *see also*, *Brooks*, 531 Fed. Appx. at 644. Evaluation of Plaintiff's claim requires the resolution of factual disputes which this Court is neither competent nor authorized to undertake in the first instance. Moreover, there does not exist compelling evidence that Plaintiff is disabled. Accordingly, this matter must be remanded for further administrative action.

## CONCLUSION

For the reasons articulated herein, the Court concludes that the ALJ's decision is not supported by substantial evidence. Accordingly, the Commissioner's decision is **vacated and the matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**. A judgment consistent with this opinion will enter.


Date: September 8, 2017　　　　　　　　　　　　　　/s/ Ellen S. Carmody
　　　　　　　　　　　　　　　　　　　　　　　　　ELLEN S. CARMODY
　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge